UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDWARD J. ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.  16-12165-DPW |
| SPAN SYSTEMS, | ) | |
| | ) | |
| Defendant/Third-Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| COLUMBUS MCKINNON CORPORATION | ) | |
| and HANES SUPPLY, INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## ORDER ON SPAN SYSTEMS' MOTION TO
## <u>COMPEL THIRD-PARTY WITNESS STATEMENTS</u>

This matter is before the court on "Defendant Span Systems, Inc.'s Motion to Compel

Plaintiff to Produce Third-Party Witness Statements" (Docket No. 21), by which the defendant,

Span Systems, Inc., is seeking an order compelling the plaintiff to produce the third-party

witness statements of his co-workers, Frank E. Puopolo and Eduardo M. DaSilva.  The plaintiff

argues that the statements are protected from discovery pursuant to the work product

doctrine.  After consideration of the parties' written submissions and their oral arguments, the

motion to compel is hereby ALLOWED.

"The work product doctrine, which was first articulated by the Supreme Court in

*Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947), and has been codified in

Fed. R. Civ. P. 23(b)(3), 'protects against disclosure of materials that a party, [his] attorney, or

[his] representative prepares in anticipation of litigation[.]'" Bryan Corp. v. ChemWerth, Inc., 296 F.R.D. 31, 37 (D. Mass. 2013) (quoting In re Grand Jury Subpoena, 220 F.R.D. 130, 141 (D. Mass. 2004)). Accordingly, "the work product doctrine precludes discovery of work that 'is reflected . . . in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways' as long as it was prepared in anticipation of litigation." Id. (quoting Hickman, 329 U.S. at 511, 67 S. Ct. at 393)). "Unlike the attorney-client privilege, however, which is usually absolute if not waived, the work-product doctrine . . . has its limits." City of Springfield v. Rexnord Corp., 196 F.R.D. 7, 10 (D. Mass. 2000). Pursuant to Rule 26(b)(3), a party may obtain "discovery of ordinary [or fact] work product upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Bryan, 296 F.R.D. at 42 (quoting In re Grand Jury Subpoena, 220 F.R.D. at 144).

Assuming, without deciding, that the witness statements at issue here fall within the scope of the work product doctrine, this court finds that the defendant has established both a substantial need for statements at issue, and that it would not be possible to obtain their substantial equivalent without undue hardship. The statements were taken from witnesses near the time of the incident in question. "Such statements are unique in that they provide a contemporaneous impression of the facts." City of Springfield, 196 F.R.D. at 10. Furthermore, the defendant has made an effort to speak with the witnesses independently, and has shown that the passage of time has made it "practically impossible" to obtain the substantial equivalent of the statements at this point in the litigation. See id. Therefore, its motion to

compel the production of the third-party witness statements of Messrs. Puopolo and DaSilva is allowed.

However, given the legitimate position taken by the plaintiff, the defendant's request for sanctions is denied.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: May 5, 2017